Zhang v. Holder

BIA
Hom, IJ
A087 974 674

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of November, two thousand fourteen.

PRESENT:
        ROBERT A. KATZMANN,
            *Chief Judge,*
        DENNY CHIN,
        RAYMOND J. LOHIER, JR.,
            *Circuit Judges.*

_____

YONG ZHI ZHANG,
        *Petitioner,*

        v.                                13-2442
                                          NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Jie Han, New York, NY.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Yanal H. Yousef, Trial Attorney; Thomas A. Bryan, Law Clerk, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yong Zhi Zhang, a native and citizen of China, seeks review of a May 30, 2013, decision of the BIA, affirming the November 8, 2011, decision of an Immigration Judge ("IJ"), denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yong Zhi Zhang*, No. A087 974 674 (B.I.A. May 30, 2013), *aff'g* No. A087 974 674 (Immig. Ct. N.Y. City Nov. 8, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA, i.e., minus the bases for denying relief that the BIA expressly declined to consider (credibility, nexus, and failure to submit renunciation statement). *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For applications such as Zhang's, which are governed by the REAL ID Act, "[t]he testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee."  8 U.S.C. § 1158(b)(1)(B)(ii).  The agency did not err in requiring reasonably available corroborating evidence in Zhang's case because his testimony was insufficiently "persuasive" and "specific" regarding the beatings he purportedly suffered. *See Yan Juan Chen v. Holder*, 658 F.3d 246, 252 (2d Cir. 2011).

"Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence."  8 U.S.C. § 1158(b)(1)(B)(ii). The REAL ID Act further makes clear that "[n]o court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . [unless] a reasonable trier of fact is *compelled* to conclude that

3

such corroborating evidence is *unavailable*." 8 U.S.C. § 1252(b)(4)(emphases added). Here, the IJ identified that available corroborating evidence was available in the form of an affidavit from the herbalist who Zhang alleges treated his injuries in 2009 after he was beaten and left in the sun for hours without water.

Zhang concedes that he made no attempt to procure such a statement from the herbalist through his wife in China. He argues that his failure to do so was justified, however, because it would have been "futile or imprudent" to seek out the herbalist's statement as the injury occurred several years ago, the herbalist may have forgotten, or the herbalist might be too afraid to provide a statement. We disagree. Because Zhang failed to even attempt to procure the affidavit based on purely speculative reasons that the corroborating evidence was unavailable, the agency reasonably rejected Zhang's explanations for not providing such evidence. *See* 8 U.S.C. § 1252(b)(4).

Contrary to Zhang's contention, the record does not compellingly suggest that the IJ ignored his wife's letter. *See Xiao Ji Chen v. US Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) (presuming that the agency "has taken

4

into account all of the evidence before [it], unless the record compellingly suggests otherwise"). The IJ explicitly acknowledged that her letter was included in the record. And, like Zhang's testimony, the letter was vague concerning the details of Zhang's detention and beatings. Therefore, because her letter failed to supply any information regarding the severity of Zhang's beatings or resulting injuries, which was the agency's focus in requiring a letter from the herbalist who treated him, it did not corroborate his claim or satisfy his burden of proving past persecution. *See Yan Juan Chen*, 658 F.3d at 252-53; *see also Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) ("[W]e find no error in the BIA's conclusion that [petitioner] failed to establish persecution because . . ., *prior* to his arrest and detention by local police, he suffered only minor bruising from an altercation with family planning officials, which required no formal medical attention and had no lasting physical effect." (emphasis in original)).

We find no error in the agency's decision declining to admit into evidence the State Department's 2011 Religious Freedom Report because Zhang proffered it after the submission deadline and did not make a timely motion for its

inclusion.  *See* Immigration Court Practice Manual, § 3.1(d)(ii), (iii).

For the foregoing reasons, the petition for review is DENIED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk